IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ARMANDO VALDEZ, #792839 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-017 |
| | § | |
| DOUG DRETKE, DIRECTOR | § | |
| TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Armando Valdez, an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division. The Court has jurisdiction over the parties and subject matter pursuant to a judgment and sentence entered by the 148th District Court of Nueces County, Texas. Petitioner pled guilty to the felony offense of burglary of a habitation and, on June 20, 1997, was sentenced to twenty years imprisonment.

On July 12, 2004, Petitioner filed two state applications of habeas corpus challenging time credit claims. They were dismissed on November 3, 2004, because Petitioner did not exhaust his administrative remedies with respect to these claims as required by § 501.0081 of the Texas Government Code. Instead of seeking administrative review or exhausting his state-court remedies, Petitioner filed the instant Petition alleging that the TDCJ-CID records incorrectly showed that he had not been assigned a mandatory release date, as required by law.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires prisoners who wish to seek federal habeas review to first exhaust all available state court remedies. 28 U.S.C. § 2254(b), (c). Although Petitioner clearly has not done so here, the State seeks dismissal on

1

the ground that the instant claim is moot and does not present a "case or controversy" as required by Article III of the United States Constitution. *See United States Parole Comm'n. v. Geraghty*, 445 U.S. 388, 395 (1980). Petitioner filed the instant petition on December 20, 2004. However, the State has presented evidence that the TDCJ-CID had already updated his records on November 4, 2004, to reflect that Petitioner is eligible for release on mandatory supervision on April 9, 2006. State's Answer at Ex. A. Petitioner has therefore received the relief he requests in his habeas petition.

The Court therefore **RECOMMENDS** that the Petition for a Writ of Habeas Corpus of Armando Valdez (Instrument No. 1) be **DISMISSED AS MOOT**.

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **January 20, 2006**, in which to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be mailed to the Clerk's Office, P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____16th_____ day of December, 2005..

John R. Froeschner
United States Magistrate Judge